UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.      : | Crim No. 3:94CR112(EBB) |
| : | Civil No. 3:09CV1879(EBB) |
| : | |
| GILBERTO RIVERA : | |

RULING AND ORDER

Pending before the court is the petition of the defendant, Gilberto Rivera ("Rivera"), for habeas corpus relief "pursuant to Title 28 U.S.C. § 1651," the All Writs Act. Rivera asserts that the sentence imposed by the court "is over the prescribed range dictated by Congress" and as relief, seeks a reduction in his sentence. Despite the inapt label Rivera attaches to his petition, his petition is, in essence, a collateral attack on his sentence that is cognizable under 28 U.S.C. § 2255, which is the vehicle a federal prisoner must use to challenge his conviction or sentence as violating the Constitution or laws of the United States. Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). Accordingly, as the petition is not appropriately brought under § 1651,[1] the court construes it as if it were brought under § 2255. See United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004) (noting that the court is not required to accept inapt and improper labels that parties place on their petitions); Jiminian v. Nash, 245 F.3d at 147 (noting that when a district court is faced with a petition that should have been brought under § 2255, a district court should construe it as such); Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("The strictures of section

---

[1] As the First Circuit "bluntly" observed, "the All Writs Act is not a jujube. At most, it constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" Trenkler v. United States, 536 F.3d 85, 97 (1st Cir.2008) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)).

2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ.").

As such, because Rivera previously filed a § 2255 petition that was dismissed on the merits, this petition is a second, or successive petition that cannot be filed without permission from the court of appeals. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 . . . ."). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) transferred to the court of appeals the gatekeeping function formerly performed by the district courts under the abuse of the writ doctrine. See Felker v. Turpin, 518 U.S. 651, 664 (1996). The AEDPA requires a petitioner to seek permission from the court of appeals before filing a second or successive habeas petition in the district court and the court of appeals must determine whether the claims were presented in a prior petition and, if so, shall dismiss them unless it determines that certain requirements have been met. 28 U.S.C. § 2244(b)(3)(A), § 2244(b)(2).

Rivera neither alleges in his petition nor attaches evidence that he has obtained permission from the Second Circuit to file this petition and this court therefore lacks jurisdiction to entertain it. Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997). As the Second Circuit has instructed, when a second or successive petition for habeas corpus relief is filed in a district court without authorization by the court of appeals as required by § 2244(b)(3), the district court should transfer the petition to the court of appeals in the interest of justice. Liriano v. United States, 95 F.3d 119, 222-23 (2d Cir. 1996).

For the foregoing reasons, in the interests of justice and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this action to the United States Court of Appeals for the Second Circuit so that it may determine whether the claims raised in this petition should be considered

by the district court.

    SO ORDERED.

                                             /s/ Ellen Bree Burns
                                             ELLEN BREE BURNS
                                             UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2009 at New Haven, Connecticut